RECEIVED
FEB 24 2022
AT 8:30
WILLIAM T. WALSH, CLERK M

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM F. KAETZ | **CIVIL ACTION**<br>**Case#:** _____ |
| V. | |
| UNITED STATES OF AMERICA | **Breach of Contract**<br>**False Imprisonment**<br>**Bivens Action** |
| US DEPARTMENT OF JUSTICE | (Civil Rights action, 42 U.S.C. § 1983<br>and §1985 upon federal actors) |
| US MARSHALS SERVICE | |
| TONYA SULIA GOODMAN | |
| UNITED STATES PROBATION<br>OFFICE | **Demand for Jury Trial** |
| AFONSO FERNANDES | **Jurisdiction**<br>28 U.S.C. § 1331 |
| JAVIER MARRERO | Federal Question Jurisdiction |
| ALLEGHENY COUNTY JAIL(ACJ) | 28 U.S.C. § 1332 |
| ORLANDO HARPER, WARDEN | Diversity of Citizenship |
| NORTHEAST OHIO<br>CORRECTIONS CENTER (NEOCC) | 28 U.S.C. § 1346<br>United States as defendant |
| DAVID BOBBY, WARDEN | the "Tucker Act" |
| DOUGLAS SUGHRUE | |
| JUDGE J. NICHOLAS RANJAN | 5 U.S.C. § 702<br>Administrative Procedures Act |
| MAGISTRATE JUDGE PATRICIA<br>L. DODGE | |
| FEDERAL BUREAU OF PRISONS | |
| DESIGNATION AND SENTENCE<br>COMPUTATION CENTER | |
| EMILY RACE | |
| BUFFEYANNE ESQUIVEL | |
| BI INCORPORATED | |

## I.    PLAINTIFF

WILLIAM F. KAETZ
437 Abbott Road
Paramus NJ, 07652
Bergen County
201-753-1063
billkaetz@gmail.com

## II.    DEFENDANTS

**1.**    UNITED STATES OF AMERICA (USA, United States, US, U.S.). This is

the legal fiction National Government entity, a federal presidential constitutional

republic founded by the Constitution of the United States. All the other defendants

are agencies of the USA, subcontractors to the USA, and employees of the USA

and I, William F, Kaetz, plaintiff, has a Plea Agreement Contract with the USA as

to which the USA through its agencies, subcontractors and employees has

breached causing Civil Rights Violations.

**2.**    UNITED STATES DEPARTMENT OF JUSTICE (DOJ)
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001

The DOJ is a government agency of the USA as to which all the other individual

defendants are employees and the other defendant entities are subcontracted to do

the work of the DOJ as to which the USA through its DOJ and other agencies,

subcontractors and employees has breached plaintiff's plea agreement contract

causing Civil Rights Violations.

**3.**   THE UNITED STATES MARSHALS SERVICE
         1215 S Clark St,
         Arlington, VA 22202
         (202) 307-9100

THE UNITED STATES MARSHALS SERVICE (USMS) is a federal law

enforcement agency in the United States. The USMS is a bureau within the U.S.

Department of Justice, operating under the direction of the Attorney General and

serves as the enforcement arm of the United States federal courts to ensure the

effective operation of the judiciary and integrity of the Constitution. The USMS

had a hand in the breach of plaintiff's plea agreement contract and causing Civil

Rights Violations.

**4.**   TONYA SULIA GOODMAN
         U.S. Attorney's Office for the Western District of Pennsylvania
         700 Grant Street
         Suite 4000
         Pittsburgh, PA 15219
         (412) 894-7340
         Email: tonya.goodman@usdoj.gov

TONYA SULIA GOODMAN is employed by the U.S. Attorney's Office that is

part of the executive branch of the USA and TONYA SULIA GOODMAN had a

hand in the breach of plaintiff's plea agreement contract and causing Civil Rights

Violations. I am bringing this complaint against TONYA SULIA GOODMAN in

her individual capacity and official capacity.

**5.** UNITED STATES PROBATION OFFICE (USPO)
New Jersey Probation Office
Robert A. Roe Federal Building
200 Federal Plaza,
Paterson, NJ 07505

The USPO is a government agency of the USA's DOJ as to which other individual

defendants AFONSO FERNANDES and JAVIER MARRERO are employees and

had a hand in the breach of plaintiff's plea agreement contract and causing Civil

Rights Violations.

**6.** AFONSO FERNANDES – U.S. Pretrial Services Officer
New Jersey Probation Office
Robert A. Roe Federal Building
200 Federal Plaza,
Paterson, NJ 07505

AFONSO FERNANDES is an employee of The UNITED STATES PROBATION

OFFICE (USPO). had a hand in the breach of plaintiff's plea agreement contract

and causing Civil Rights Violations. I am bringing this complaint against

AFONSO FERNANDES in his individual capacity and official capacity.

**7.** JAVIER MARRERO – U.S. Pretrial Services Officer
New Jersey Probation Office
Robert A. Roe Federal Building
200 Federal Plaza,
Paterson, NJ 07505

JAVIER MARRERO is an employee of The UNITED STATES PROBATION

OFFICE (USPO). had a hand in the breach of plaintiff's plea agreement contract

and causing Civil Rights Violations. I am bringing this complaint against JAVIER

MARRERO in his individual capacity and official capacity.

**8.** ALLEGHENY COUNTY JAIL (ACJ)
     950 2nd Ave.
     Pittsburgh Pa. 15219

The ALLEGHENY COUNTY JAIL (ACJ) is a Pennsylvania county jail that was

subcontracted by the USA to hold federal prisoners and I, William F. Kaetz,

plaintiff, was one of them. The ACJ had a hand in the breach of plaintiff's plea

agreement contract and causing Civil Rights Violations.

**9.** ORLANDO HARPER, WARDEN
     950 2nd Ave.
     Pittsburgh Pa. 15219

The ALLEGHENY COUNTY JAIL (ACJ) is a Pennsylvania county jail that was

subcontracted by the USA to hold federal prisoners and I, William F. Kaetz,

plaintiff, was one of them. ORLANDO HARPER is the Warden at the ACJ and he

had a hand in the breach of plaintiff's plea agreement contract and causing Civil

Rights Violations. I am bringing this complaint against ORLANDO HARPER in

his individual capacity and official capacity.

**10.** NORTHEAST OHIO CORRECTIONS CENTER (NEOCC)
      2240 Hubbard Road
      Youngstown, OH 44505

The NORTHEAST OHIO CORRECTIONS CENTER (NEOCC) is a private

medium-security prison located in Youngstown, Mahoning County, Ohio, operated

by CoreCivic under contract with the United States Marshals Service and the State

of Ohio. The NEOCC had a hand in the breach of plaintiff's plea agreement

contract and causing Civil Rights Violations.

**11.**    **DAVID BOBBY, WARDEN**
               2240 Hubbard Road
               Youngstown, OH 44505

The NORTHEAST OHIO CORRECTIONS CENTER (NEOCC) is a private

medium-security prison for men located in Youngstown, Mahoning County, Ohio,

operated by CoreCivic under contract with the United States Marshals Service and

the State of Ohio. DAVID BOBBY is the Warden of the NEOCC and he had a

hand in the breach of plaintiff's plea agreement contract and causing Civil Rights

Violations. I am bringing this complaint against DAVID BOBBY in his individual

capacity and official capacity.

**12.**    **DOUGLAS SUGHRUE**
               Appointed Attorney
               429 Fourth Ave.
               Suite 501
               Pittsburgh Pa. 15219
               412-391-1629
               Email: dsughrue@sughruelaw.com

DOUGLAS SUGHRUE was my appointed attorney in my criminal case, an officer of the court. DOUGLAS SUGHRUE had a hand in the breach of plaintiff's plea agreement contract and causing Civil Rights Violations. I am bringing this complaint against DOUGLAS SUGHRUE in his individual capacity and official capacity.

**13.**    JUDGE J. NICHOLAS RANJAN
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

JUDGE J. NICHOLAS RANJAN is an employee of the DOJ. He had a hand in the breach of plaintiff's plea agreement contract and causing Civil Rights Violations and is purposely procrastinating my habeas corpus action. I am bringing this complaint against JUDGE J. NICHOLAS RANJAN in his individual capacity and official capacity.

**14.**    MAGISTRATE JUDGE PATRICIA L. DODGE
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

MAGISTRATE JUDGE PATRICIA L. DODGE is an employee of the DOJ and she had a hand in the breach of plaintiff's plea agreement contract and causing Civil Rights Violations and is purposely procrastinating my habeas corpus action. I am bringing this complaint against MAGISTRATE JUDGE PATRICIA L. DODGE in her individual capacity and official capacity.

**15.** FEDERAL BUREAU OF PRISONS (The BOP)
320 First St., NW
Washington, DC 20534

The BOP is a government agency of the USA and had a hand in the breach of

plaintiff's plea agreement contract and causing Civil Rights Violations.

**16.** DESIGNATION AND SENTENCE COMPUTATION CENTER
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas, 75051

The DESIGNATION AND SENTENCE COMPUTATION CENTER works for

the BOP and had a hand in the breach of plaintiff's plea agreement contract and

causing Civil Rights Violations.

**17.** EMILY RACE
Designation and sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas, 75051

EMILY RACE is an employee of the DESIGNATION AND SENTENCE

COMPUTATION CENTER and had a hand in the breach of plaintiff's plea

agreement contract and causing Civil Rights Violations. I am bringing this

complaint against EMILY RACE in Emily's individual capacity and official

capacity.

**18.** BUFFEYANNE ESQUIVEL
Designation and sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive

Grand Prairie, Texas, 75051

BUFFEYANNE ESQUIVEL is an employee of the DESIGNATION AND

SENTENCE COMPUTATION CENTER and had a hand in the breach of

plaintiff's plea agreement contract and causing Civil Rights Violations. I am

bringing this complaint against BUFFEYANNE ESQUIVEL in Buffeyanne's

individual capacity and official capacity.

**19.** BI INCORPORATED
        6265 Gunbarrel Avenue, Suite B
        Boulder, CO 80301

BI INCORPORATED is the company that is under contract with the USA, USMS

and with the UNITED STATES PROBATION OFFICE (USPO) that supplies the

GPS ankle bracelet that is used for the illegal imprisonment of me in my house that

is being illegally used by AFONSO FERNANDES and JAVIER MARRERO –

U.S. Pretrial Services Officers of the UNITED STATES PROBATION OFFICE

(USPO) and the costs for BI INCORPORATED are being placed on me, I am

being financially threatened to pay for the service or go back to jail. BI

INCORPORATED had a hand in the breach of plaintiff's plea agreement contract

and causing Civil Rights Violations.

### III.   JURISDICTION

**1.**    This court has jurisdiction over this Civil Complaint under 28 U.S.C. §

1331, Federal Question, I present a federal question. Can the defendants substitute

their own pleasure for the law?

**2.**    This court has jurisdiction over this Civil Complaint under 28 U.S.C. §

1332, Diversity, the plaintiff and defendants reside in different states.

**3.**    This court has jurisdiction over this Civil Complaint under the Civil Rights

Act for Civil Rights violations being complained of in this complaint, specifically

42 U.S.C. §§ 1983, 1985 as a Bivens Action as per *Bivens* v. *Six Unknown Named*

*Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)* against federal

actors.

**4.**    Under 28 U.S.C. § 1346 the United States is a defendant and waived

sovereign immunity to be sued under the so-called "Little Tucker Act"

Specifically, the Tucker Act permits three kinds of claims against the government:

(1) contractual claims, (2) noncontractual claims where the plaintiff seeks the

return of money paid to the government and (3) noncontractual claims where the

plaintiff asserts that he is entitled to payment by the government. Today,

jurisdiction over Tucker Act claims is vested in the United States Court of Federal

Claims. The United States Court of Federal Claims has exclusive jurisdiction over

Tucker Act claims in excess of $10,000, while another statutory grant of

jurisdiction—the so-called "Little Tucker Act"—allows the court to entertain

similar suits against the United States for claims of less than $10,000 concurrently

with the federal district courts. Prior to the passage of the Federal Courts

Improvement Act of 1982, however, this jurisdiction was vested in the original

U.S. Court of Claims. Jurisdiction of this District Court runs concurrently for

claims of less than $10,000, the claim against the United States is $9,999.99 in this

case.

**5.**     Under the Administrative Procedure Act (5 U.S.C.A. §§ 702–703) Congress

also waived sovereign immunity in cases seeking injunctive or other nonmonetary

relief against the United States in a 1976 amendment to the Administrative

Procedure Act (5 U.S.C.A. §§ 702–703).  A person suffering legal wrong because

of agency action, or adversely affected or aggrieved by agency action within the

meaning of a relevant statute, is entitled to judicial review thereof. Plaintiff is

seeking judicial review thereof and seeking injunctive or other nonmonetary relief

against the United States and its agencies.

## IV.    COMPLAINT

**1.**     I, William F. Kaetz, plaintiff, has a Plea Agreement Contract with the

defendant the United States.

**2.**     The United States and its collaborating defendants Breached the Plea

Agreement Contract. The breach is the misrepresentation of home detention and

property return, a bait and switch tactic, they are causing false imprisonment and
the failure to return my property to cause injury upon me.

**3.**     I am being falsely imprisoned in home detention, over – detained, for 180
days, causing financial and emotional injury.

**4.**     I attempted to clear this up using a 28 U.S.C. § 2241 Habeas Corpus action
(Case No. 2:21-cv-1614 in the Western District of Pennsylvania), I am challenging
the implementation of the Plea Agreement Contract. My Habeas Corpus action is
on appeal. An explanation of my habeas action and appeal arguments are within
this complaint and supports this complaint.

**5.**     I was arrested and pretrial detained on October 18, 2020. I entered a Plea
Agreement Contract on August 2, 2020. (Attached hereto exhibit#1, Judgement #2)

**6.**     The United States through its agencies, subcontractors, and employees, (the
collaborating defendants listed above), has breached the Plea Agreement Contract
causing civil rights violations and financial damages and intentional infliction of
emotional distress.

**7.**     The Breach of the Plea Agreement Contract is the fact that The United States
through its agencies, subcontractors, and employees, (the collaborating defendants
listed above) is over detaining me, falsely imprisoned me in home detention, I am
imprisoned past the imprisonment time agreed to, and my property was not
returned as agreed to causing financial harm. I cannot run my LLC business being

in home detention with travel and overnight restrictions and without my property and computer data. I am losing clients and contracts and have LLC business expenses and obligations I cannot pay resulting in financial injury. I cannot support myself. I cannot pay the fines. It is a setup for me to fail and go back to jail. It is causing emotional injury.

**8.** This is a deprivation of my rights, the 4th, 5th, 8th, 9th, 13th, and 14th Amendment rights that are protected by the U.S. Constitution, (the supremacy law), as to which the United States and its collaborating defendants are contracted to uphold, they are breaching their contract to uphold the Constitution.

**9.** The United States and its collaborating defendants' actions are a breach of expressed and implied contracts. One contract is the Plea Agreement Contract between me, the plaintiff, and the United States. The other contracts are the oath of office and employment and contractual obligations to the United States that is between the collaborating defendants and the United States that is an implied contract to uphold the Constitution that is an implied contract between the collaborating defendants and me, the plaintiff.

**10.** In *United States* v. *Gilchrist*, 130 F.3d 1131 (3d. Cir. App. December 2, 1997) the Third circuit court of appeals acknowledged "Plea agreements are contractual and therefore are to be analyzed under contract law standards." *United States* v. *Moscahlaidis,* 868 F.2d 1357, 1361 (3d Cir. 1989). "In determining

whether a plea agreement has been broken, courts look to 'what was reasonably understood by [the defendant] when he entered his plea of guilty.' " *United States* v. *Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979) (quoting *United States* v. *Crusco*, 536 F.2d 21, 27 (3d Cir. 1976))."

11.    In *United States* v. *Vaval*, 404 F.3d 144 (2d. Cir. App. April 12, 2005) The Appeals Court acknowledged "We review interpretations of plea agreements de novo and in accordance with principles of contract law. *United States* v. *Riera*, 298 F.3d 128, 133 (2d Cir. 2002). Further, we construe plea agreements strictly against the government and do not hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness. *United States* v. *Lawlor*, 168 F.3d 633, 637 (2d Cir. 1999). To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement. *Id.* at 636 (internal quotation marks and citation omitted). Moreover, because plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards of performance. *Id.*".

12.    It is safe to conclude in keeping with the U.S. Appeals Courts my Plea Agreement is a Contract, courts look to what was reasonably understood by me when I entered my plea of guilty in determining whether my Plea Agreement Contract has been broken, and the United States and its collaborating defendants

are held to meticulous standards of performance to my plea Agreement Contract.
The Courts construe plea agreements strictly against the United States and its
collaborating defendants.

**13.** My term of imprisonment was finished in prison, there is no more
imprisonment time to be substituted for home detention in keeping with the
U.S.S.G. listed below. The supporting facts are in the 2018 Federal Sentencing
Guidelines Manual that are:

- **a.** *U.S.S.G. Section 5B1.3* - Conditions of Probation… (e)(2) Home
  detention may be imposed as a condition of probation *but only as a
  substitute for imprisonment.*"
- **b.** *U.S.S.G. Section 5Cl.1* -Imposition of a Term of Imprisonment "(e)
  Schedule of Substitute Punishments… (3) *One day of home detention for
  one day of imprisonment.*"
- **c.** *U.S.S.G. Section 5Dl.3* - Conditions of Supervised Release … "(e)(2)
  "*Home detention may be imposed as a condition of supervised release,
  but only as a substitute for imprisonment.*"
- **d.** *U.S.S.G. Section 5Fl.2* - Home Detention – "*Home detention may be
  imposed as a condition of probation or supervised release, but only as a
  substitute for imprisonment.*"

**14.** The U.S. Supreme Court cases quoted below and the U.S.S.G. sections
above are perfectly clearly and obviously proving without dispute my reasoning
that Home Detention is only to substitute imprisonment time and one day Home

Detention is equal to one day imprisonment, regardless of being "conditions of supervised release".

**15.** The Imprisonment Substitution (Home Detention) is tolled as Imprisonment Time according to the Plea Agreement Contract, USSG and the words and language used by the United States and its collaborating defendants, it is prison time substituted. The word "substitute" is defined as "a person who is put in the place of another person, or an object which is put in the place of another object. (2) To put one person or thing in the place of another person or thing. (From The Law Dictionary Copyright (c) 2002 Anderson Publishing Co.) The Home Detention is only to be in place of Imprisonment, an Imprisonment replacement, not additional Imprisonment disguised as Home Detention as a condition for release, it is still a Substitute for Imprisonment. Why this misrepresentation? The United States should have just added time and split the sentence of imprisonment with Home Detention if additional punishment was intended. A declaratory Judgment as an Injunction to enforce clarity and end this misrepresentation of words is being sought. I am a victim of this misrepresentation of words that needs to be resolved.

**16.** The Supreme Court supports my reasoning. "Analysis begins, as it must, with the language of the statute." *Bailey* v. *U.S.*, 516 U.S. 137, 144-45, 133 L. Ed. 2d 472, 116 S. Ct 501 (1995); *Estate of Cowart* v. *Nicklos Drilling Co.*, 505 U.S. 469, 475, 120 L. Ed. 2d 379, 112 S. Ct. 2589 (1992); *Coronado-Durazo* v. *LN.S.*,

123 F.3d 1322, 1324 (9th Cir. 1997). "Clear and explicit statutory language is to be applied as written." *Hughes Aircraft Co.* v. *Jacobson*, 525 U.S. 432, 438, 142 L. Ed. 2d 881, 119 S. Ct. 755 (1999). "Terms utilized in the statute are to be construed according to their ordinary or natural meaning absent clearly expressed Congressional intent to the contrary." *Williams* v. *Taylor*, 529 U.S. 420, 431, 146 L. Ed. 2d 435, 120 S. Ct. 1479 (2000); *U.S.* v. *Alvarez-Sanchez*, 511 U.S. 350, 356-57, 128 L. Ed. 2d 319, 114 S. Ct. 1599 (1994). "The statute says what it means and means what it says." *Hartford Underwriters Ins. Co.* v. *Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000).

**17.** My reasoning is simple, the statute says what it means and means what it says. The Home Detention is only to be in place of Imprisonment, an Imprisonment replacement, not additional Imprisonment disguised as "supervised release conditions". The words of statutes mean what it says. A sentence of Imprisonment must exist first, in this case the 16-month sentence of Imprisonment, then the act of substitution, taking a thing and exchanging it for another thing, in this case taking 180 days of the Imprisonment and exchanging it for Home Detention, that is an act of substituting imprisonment that defines "Substitute for Imprisonment". Home Detention without the act of substitution, is additional Home Detention time that is technically Imprisonment time added then converted to Home Detention, that is upgrading the imprisonment time, in my case, to 22

months, and that is not what was agreed to and ordered, and therefore the United States and its collaborating defendants breached the Plea Agreement.

**18.** Because of the U.S. Supreme Court cases above, the Appeals Court cases above, the terminology of the United States Sentencing Guidelines, the Plea agreement Contract words, and what the Judge, U.S. Attorney, and my appointed attorney said, I reasonably understood the plea agreement contract would be for me to plead guilty and give up my rights I would do 16 months imprisonment and that included time served and the 180-day (6 months) home detention condition of supervised release because in agreement with the U.S. Supreme Court cases above and the terminology in the United States Sentencing Guidelines (USSG) home detention time can only be used and imposed as a substitute for imprisonment time and therefore it would be part of the 16 months imprisonment time.

**19.** There was no other explanation or terminology given for home detention in the Plea Agreement Contract, and the USSG was used to deliberate my sentence, it is in the plea agreement contract, there is no reason not to use the terminology and imposition for home detention in the USSG to reasonably understand the plea agreement home detention would be part of the 16 months imprisonment time.

**20.** I agreed to the plea agreement applying the terminology and imposition for home detention in the USSG because the United States and its collaborating defendants used the USSG, there is no other meaning or imposition for home

detention mentioned anywhere else in post-trial sentencing procedures or in the

Plea Agreement Contract.

**21.** I should have been in home detention on August 18, 2020, and with good

time credit all my imprisonment should have finished December 6, 2020, the max

out date calculated by the BOP and the Designation and Sentence Computation

Center and their employees Emily Race and Buffeyanne Esquivel, however, they

did not calculate the home detention time within the imprisonment time and did not

calculate the prerelease conditions to reenter the community. I was institutionalized

in a prison for the full amount of imprisonment time and now I am currently being

over imprisoned in home detention after the 16 months of imprisonment was

completed in jail. There is no doubt that I will be falsely imprisoned in home

detention for the full 180 days.

**22.** The United States and all the collaborating defendants knew of the breach of

the Plea Agreement Contract and failed to correct it. The answer to my Habeas

Corpus action from the United States and its collaborating defendants that is being

appealed is claiming that post-trial home detention has another terminology

somewhere but failed to point it out, and they did not return my property because

of appeal time, that's not in the Pleas Agreement Contract and there is the writ of

coram nobis that I can do 20 years from now, the appeal time does not matter.

They are changing the plea agreement contract and making law that is usurpation

of legislative power. My Plea Agreement Contract is an example of misrepresentation of home detention and property return, a bait and switch tactic that should not be allowed in Plea Agreement Contracts.

23. In my case, the implementation of the home detention now is more imprisonment, there is no more imprisonment time to substitute for home detention as the USSG and the Plea Agreement Contract impose. All the imprisonment time was served; therefore, I am a victim of false imprisonment by the United States and its collaborating defendants.

24. The facts of this case gives me standing to file a Civil Complaint for Breach of Contract against the United States and its collaborating defendants, and a civil rights Bivens Action against the collaborating defendants personally, and the breach and civil rights deprivation is detriment to my income, health, and wellbeing. This complaint passes the case and controversy test and there is no judicial or qualified immunity. The United States and its collaborating defendants had full knowledge of the wrongdoing and failed to correct it and conspired to breach the Plea Agreement Contract and commit civil rights deprivation and not correct them.

25. My Plea Agreement Contract is a perfect example of misrepresentation of Home Detention and property return, a bait and switch tactic that should not be allowed in Plea Agreement Contracts that caused civil rights deprivation.

## Judicial and Qualified Immunity Does Not Apply

Congress amended 42 U.S.C. § 1983 in 1996 with "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief will not be granted unless a declaratory decree was violated, or declaratory relief is unavailable". Only when a declaratory decree is violated, or declaratory relief is unavailable would the plaintiff have an end-run around judicial immunity. In determining immunity, we examine (1) "the nature of the function performed, not the identity of the actor who performed it" *Forrester* v. *White*, 484 U.S. 219, 229, 98 L Ed, 2d 555 108, S. Ct. 538 (1988). We also must determine (2) whether there was a "clear absence of all jurisdiction", *Stump* v. *Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L Ed 2d 331 (1978). We also must determine (3) if a declaratory decree was violated and declaratory relief was unavailable, 42 U.S.C. § 1983.

The nature and function of the individual collaborating defendants is a perpetuation of a usurpation of legislative power, making law. There is a clear absence of jurisdiction to legislate and make law. There is a clear absence of jurisdiction to overthrow the Constitution using administrative actions. In *Gamble* v. *United States*, 139 S. Ct. 1960 (U.S. June 17, 2019) Justice Thomas explained;

> "When faced with a demonstrably erroneous precedent, my rule
> is simple: we should not follow it. This view … follows directly from
> the Constitution Supremacy over other sources of law – including our

own precedents. That the Constitution outranks other sources of law is inherent in its nature, ... The Constitution's Supremacy is also reflected in its requirement that all judicial officers, executive officers, congressmen and state legislators take an oath to "support this Constitution", Art. VI, cl. 3; see also Art. II, § I, cl, 8 ..."

"I am aware of no legislative reason why a court may privilege a demonstrably erroneous interpretation of the Constitution over the Constitution itself" ... "the same principle applies when interpreting statutes and other sources of law; if a prior decision demonstrably erred in interpreting such a law, federal judges should exercise the judicial power – not perpetuated a usurpation of legislative power – and correct the error. A contrary rule would permit judges to "substitute their own pleasure" for the law...."

Pursuant to *Gamble* federal courts should fix demonstrably erroneous interpretations of law, not perpetrate a usurpation of power – not make law – and adhere to the Constitution and the same goes for the collaborating defendants in this civil complaint. The collaborating defendants did not act with authority to breach the Plea Agreement Contract, "substitute their own pleasure" for the law....", and false imprisoned me causing me irreparable harm financially and emotionally and the deprivation of Constitutionally protected rights. They all know it is wrong but are doing it anyway using administrative actions, it is not a result of paradigmatic judicial acts and therefore cannot be deemed judicial acts and within their employment duties.

## V.  Count #1 Breach of Contract

All the above is incorporated herein as if fully set forth herein. The United

States and its collaborating defendants breached the Plea Agreement Contract and

their employment and contractual agreements to uphold the Constitution. They had

full knowledge of the wrongdoing and failed to correct it and conspired to breach

the Plea Agreement Contract and their employment and contractual agreements to

uphold the Constitution and not to correct it.

The United States and its collaborating defendants are guilty of breaching

the Plea Agreement Contract and contractual agreements to uphold the

Constitution.

## VI.  Count #2 The *Bivens* Remedy for 42 U.S.C. § 1983 Civil Rights Violations by Federal Actors

All the above is incorporated herein as if fully set forth herein. The

requirements and jurisprudence of the Bivens remedy make clear that Bivens is a

judicially created doctrine (See *Bivens v. Six Unknown Named Agents, 403 U.S.

388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)* that allows a plaintiff to bring a cause

of action for money damages against agents acting under the color of federal

authority who cause injury by violating the plaintiff's constitutional rights. (See

generally *Bivens* 403 U.S. at 389) to state a prima facia *Bivens* claim, the plaintiff

must establish that (1) the defendants violated a federal constitutional right of the

plaintiff (2) the right was clearly established (3) the defendant was a federal actor

by virtue of acting under color of law, and (4) the defendant was personally involved in the alleged violation. I established all 4 elements.

The U.S. Supreme Court in *Ziglar* v. *Abbasi* 137 S. Ct. 1843 (June 19, 2017) noted "a case can present a new context for *Biven* purposes if it implicates a different constitutional right; if judicial precedents provide a less meaningful guide for official conduct; or if there are potential special factors that were not considered in previous *Bivens* Actions cases." (Kennedy J., joined by Roberts, CH. J., and Thomas and Alto JJ., 6 participating justices)

The United States, its agencies, and its actors in their official capacity are not a "Person" under 42 U.S.C. § 1983, while actors in their individual capacity are considered a "Person." A Bivens Action for civil rights deprivation is upon federal actors personally that include:

1) Tonya Sulia Goodman
2) Afonso Fernandes
3) Javier Marrero
4) Orlando Harper, Warden
5) David Bobby, Warden
6) Douglas Sughrue
7) Judge J. Nicholas Ranjan
8) Magistrate Judge Patricia L. Dodge
9) Emily Race
10) Buffeyanne Esquivel

42 U.S.C. § 1983's language clearly states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the

United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action
at law, suit in equity, or other proper proceeding for redress, except
that in any action brought against a judicial officer for an act or
omission taken in such officer's judicial capacity, injunctive relief
shall not be granted unless a declaratory decree was violated or
declaratory relief was unavailable. For the purposes of this section,
any Act of Congress applicable exclusively to the District of
Columbia shall be considered to be a statute of the District of
Columbia.

The federal actors subjected, and causes to be subjected, me, the plaintiff, to the

deprivation of rights, privileges, and immunities secured by the Constitution and

laws, they are liable to me, the plaintiff, they are guilty of using the color of law

for the deprivation of my Constitutionally protected rights.

## VII.    Count #3 The *Bivens* Remedy for 42 U.S.C. § 1985 Civil Rights Violations

### by Federal Actors

All the above is incorporated herein as if fully set forth herein. 42 U.S. Code

§ 1985 - Conspiracy to interfere with civil rights, the language of this statute states:

(3) Depriving persons of rights or privileges

If two or more persons in any State or Territory conspire … for the
purpose of depriving, either directly or indirectly, any person or class
of persons of the equal protection of the laws, or of equal privileges
and immunities under the laws; or for the purpose of preventing or
hindering the constituted authorities of any State or Territory from
giving or securing to all persons within such State or Territory the
equal protection of the laws; … if one or more persons engaged
therein do, or cause to be done, any act in furtherance of the object of
such conspiracy, whereby another is injured in his person or property,
or deprived of having and exercising any right or privilege of a citizen

>of the United States, the party so injured or deprived may have an
>action for the recovery of damages occasioned by such injury or
>deprivation, against any one or more of the conspirators.

The federal actors conspired together to subject, and cause to be subject, me, the

plaintiff, to the deprivation of rights, privileges, and immunities secured by the

Constitution and laws, they are liable to me, the plaintiff, they are guilty of

conspiring to the deprivation of my Constitutionally protected rights.

## VIII. Monetary Relief Requested

Monetary relief for the breach of the Plea Agreement Contract and the bait

and switch tactic causing False Home Detention Imprisonment for 180 days and

the failure to return my property I am seeking $5000.00 per month for loss of

income, $2000.00 a day for loss of liberty, and $500.00 per day for negligent and

intentional infliction of emotional distress totaling $480,000.00. (See *Watson* v.

*United States*, 179 F. Supp. 3d 251(E.D. NY. 2016), $2000.00 Per day for loss of

liberty and $500.00 for emotional injury)

The United States shall pay $9999.99.

The other federal actors in their personal capacity shall pay $470,000.01 to

be divided among the federal actors appropriately.

Monetary relief for the Bivens Action for money damages against agents

acting under the color of federal authority who cause injury by violating the

plaintiff's constitutional rights. The federal actors in their personal capacity shall pay $1,000,000.00 to be divided among the federal actors appropriately.

## IX.   Injunction Relief Under 5 U.S.C. § 702
### Administrative Procedures Act

Injunction relief I request this court to order the United States to conform to Plea Agreement Contract as I understood it.

For future plea agreements contracts, an injunction to enforce clarity and end misrepresentation of words concerning Home Detention and property return to end the usurpation of legislative power making law tricking people into longer sentences of imprisonment by changing the meaning of the term Home Detention from what the terminology of the USSG imposes it is being sought.

The United States uses the USSG to deliberate sentences and pleas agreements, if they were to impose a different meaning to Home Detention than the USSG it should be clearly represented, an injunction order to do so is needed.

My Plea Agreement Contract is an example of misrepresentation of Home Detention and property return, a bait and switch tactic that should not be allowed in Plea Agreement Contracts. An injunction is sought to stop this misrepresentation.

## X. Certification

I, William F. Kaetz, swear under penalty of perjury that all the statements

herein are true to the best of my knowledge and belief.

Date: 2/23/2022   By: _____

William F. Kaetz, Plaintiff
437 Abbott Road
Paramus NJ 07652
201 753 1063
kaetzbill@gmail.com

# EXHIBIT #1



**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412/644-3500*

July 20, 2021

Douglas Sughrue, Esquire
429 Fourth Avenue, Suite 501
Pittsburgh, PA 15219

Re:    United States of America v.
       William Kaetz
       Criminal No. 21-211

Dear Mr. Sughrue:

This letter sets forth the agreement by which your client, William Kaetz, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between William Kaetz and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, William Kaetz will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A.    The defendant, William Kaetz, agrees to the following:

1.    He will enter a plea of guilty to Count Three of the Indictment at Criminal No. 21-211, charging him with violating 18 U.S.C. §§ 119(a)(1) and 119(a)(2), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2.    DISPOSAL OF EVIDENCE PLACEHOLDER

3.    At the time William Kaetz enters his plea of guilty, he will deposit a special assessment of $100 in the form of cash, check, or money order payable to

Exhibit #1a

"Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. William Kaetz waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

6. William Kaetz waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, William Kaetz may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, William Kaetz may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

   1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining counts of the Indictment at Criminal No. 21-211, without prejudice to their reinstatement if, at any time: (1) William Kaetz is permitted to withdraw his plea of guilty; (2) William Kaetz commits a non-technical violation of his conditions of supervised release; or (3) William Kaetz violates any condition of supervised prohibiting contact with Judge C.C.C. and/or the family of Judge C.C.C. or violates a condition of supervised release relating to a prohibited use of a computer, or other electronic communication or data storage device, including a cell phone. In such event, William Kaetz waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of any count dismissed pursuant to this agreement.

   2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the

Page 3

> involvement of William Kaetz in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

3.   The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

4.   The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. William Kaetz and the United States Attorney further understand and agree to the following:

1.   The penalty that may be imposed upon William Kaetz is:

   (a)   A term of imprisonment of not more than five years;

   (b)   A fine of not more than $250,000;

   (c)   A term of supervised release of not more than three years; and

   (d)   A special assessment under 18 U.S.C. § 3013 of $100.

2.   Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of 16 months; a fine, if any, in an amount to be determined by the Court; a term of supervised release of three years, with the condition that the first six months of supervised release be served in home detention; and a special assessment of $100.

   Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw his guilty plea.

   The parties further agree that no other enhancements, departures or variances are applicable or appropriate.

   Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

Exhibit #1c

Page 4

3.  The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. William Kaetz acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

4.  This agreement does not preclude the government from pursuing any civil or administrative remedies against William Kaetz or his property.

5.  The parties agree that, although charges are to be dismissed pursuant to this agreement, William Kaetz is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L No. 105-119, § 617 (Nov. 26, 1997 (known as the Hyde Amendment). William Kaetz waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

6.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between William Kaetz and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

STEPHEN R. KAUFMAN
Acting United States Attorney

# EXHIBIT #2

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　Sheet 1

# UNITED STATES DISTRICT COURT

Western District of Pennsylvania

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| **WILLIAM KAETZ** | Case Number: 2:21-cr-211 |
| | USM Number: 11350-067 |
| | Douglas Sughrue |
| | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)　　3

☐ pleaded nolo contendere to count(s)
　which was accepted by the court.

☐ was found guilty on count(s)
　after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 119(a)(1) | MAKING RESTRICTED PERSONAL INFORMATION | 10/18/2020 | 3 |
| and 119(a)(2) | PUBLICLY AVAILABLE | | |

The defendant is sentenced as provided in pages 2 through　　8　　of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)　　1, 2, and 4　　　　　　　☐ is　　☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

　　　　　　　　　　　　　　　　　　　8/2/2021
　　　　　　　　　　　　　　　　　　Date of Imposition of Judgment

　　　　　　　　　　　　　　　　　　s/ J. Nicholas Ranjan
　　　　　　　　　　　　　　　　　　Signature of Judge

　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　Name and Title of Judge

　　　　　　　　　　　　　　　　　　8/2/2021
　　　　　　　　　　　　　　　　　　Date

Exhibit #2a

AO 245B (Rev. 09/19) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page    2    of     8

DEFENDANT: **WILLIAM KAETZ**
CASE NUMBER: 2:21-cr-211

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
SIXTEEN (16) MONTHS, with credit for time served on any federal detainer.

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court requests that Mr. Kaetz be transferred back to the Essex County Correctional Facility, or somewhere as close to Paramus, NJ, as possible (whether correctional facility or halfway house).

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐   at  _____ ☐ a.m.   ☐ p.m.   on  _____ .

   ☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on  _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Exhibit #2b

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___8___

DEFENDANT:   WILLIAM KAETZ
CASE NUMBER:   2:21-cr-211

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

THREE (3) YEARS.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that you
pose a low risk of future substance abuse. *(check if applicable)*

4.   ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
restitution. *(check if applicable)*

5.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Exhibit #2c

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3A — Supervised Release

Judgment—Page    4    of    8

DEFENDANT: WILLIAM KAETZ
CASE NUMBER: 2:21-cr-211

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date  12/6/2021

Probation Officer _____     Date  12/6/21

Exhibit #2d

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3B — Supervised Release

Judgment—Page  5  of  8

DEFENDANT:  WILLIAM KAETZ
CASE NUMBER:  2:21-cr-211

## ADDITIONAL SUPERVISED RELEASE TERMS

1) Mr. Kaetz shall be placed on home detention for a period of 180 days, to commence as soon as arrangements can be made by the Probation Office. Mr. Kaetz shall abide by all technology requirements. The location monitoring technology requirement, i.e., Radio Frequency (RF), Global Positioning System (GPS), or Voice Recognition, or Virtual Supervision Monitoring, is at the discretion of the probation officer. During the period of home detention, Mr. Kaetz shall remain at his residence except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. During this time, Mr. Kaetz shall comply with the rules of the location monitoring program and may be required to maintain a landline telephone, without special features, at Mr. Kaetz's place of residence. Mr. Kaetz shall pay all or part of the costs of participation in the location monitoring program as directed by the court and probation officer, but not to exceed the daily contractual rate.

2) Mr. Kaetz shall have no contact by any means. including but not limited to direct, indirect, or third-party contact, whether electronic, in-person, mail, telephonic, or through social media postings. with the victim in this case or any family member of the victim.

3) Mr. Kaetz shall refrain from researching the victim or the victim's family in any manner and shall refrain from obtaining or purchasing any personal information of the victim and the victim's family (this includes an agreement not to reinstate any such information which may currently be stored in cloud-based accounts held by William Kaetz or the equivalent thereof).

4) Mr. Kaetz shall refrain from purchasing any firearms, ammunition, or any materials used in or for the manufacture, creation, building, or other fabrication of firearms.

Exhibit #2e

Case 2:21-cr-00211-NR   Document 116   Filed 08/02/21   Page 6 of 8

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___6___ of ___8___

DEFENDANT: WILLIAM KAETZ
CASE NUMBER: 2:21-cr-211

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 5,000.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | | |
|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 0.00 |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☑ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Exhibit #2f

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Case 2:21-cr-00211-NR   Document 116   Filed 08/02/21   Page 7 of 8

Judgment — Page ___7___ of ___8___

DEFENDANT: WILLIAM KAETZ
CASE NUMBER: 2:21-cr-211

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☑ Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __416.67__ over a period of __1 year__ (e.g., months or years), to commence __240 days__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*      Total Amount      Joint and Several Amount      Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
See page 8

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Exhibit #2g

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page ___8___ of ___8___

DEFENDANT:  WILLIAM KAETZ
CASE NUMBER:  2:21-cr-211

## ADDITIONAL FORFEITED PROPERTY

The firearm and ammunition serized from 437 Abbott Road, Paramus, NJ, on October 26, 2020 shall be disposed of as follows: (1) the Federal Bureau of Investigation will destroy sixteen rounds of .30-06 caliber ammunition, stamped TW 52, and one round of .300 caliber ammunition, stamped W-W SUPER; and (2) the Arisaka model Type 99, 7.7x58mm bolt-action service rifle, bearing serial number 33366, will be released from the custody of the Federal Bureau of Investigation to the custody of the defendant's chosen representative, Charles Kaetz. Charles Kaetz will retain sole possession of the firearm and shall not transfer the firearm to William Kaetz or permit William Kaetz to access, possess, or have dominion and control over the firearm for any period of time.

The government shall fully erase and delete all content on any electronic devices seized as evidence in this matter, prior to the return of any electronic devices to Mr. Kaetz.

Exhibit #2h